IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No.  21-97 |
| | ) |
| DRESHAWN McBROOM | ) |

### Opinion on Motions Related to Prior Opinions

Presently before the Court are Defendant Dreshawn McBroom's Motion for a Ruling on the *Franks* Violation (ECF No. 62) and Motion for Clarification of Orders of Court and Ruling on *Franks* Motion (ECF No. 97).

**I. Background**

The parties are familiar with the factual background.  On February 19, 2021, Mr. McBroom, driving a rented Chrysler Pacifica, was pulled over by law enforcement for the perceived failure to use a turn signal when moving from the travel lane to the parking lane in apparent violation of 75 Pa. Cons. Stat. § 3334(a).  Mr. McBroom challenged the lawfulness of the traffic stop, primarily because of evidence indicating that he did in fact activate his turn signal.  A crucial part of Mr. McBroom's evidence was video surveillance footage showing the Pacifica's front right-hand turn signal flashing once on and then off, as Mr. McBroom drove his vehicle to park in the parking lane.

A hearing on Defendant's Motion to Suppress Physical Evidence and Defendant's Statements and to Schedule a Franks Hearing (ECF No. 32), was held on July 28, 2021.  Testifying at the hearing on behalf of the Government were Detective Dettling, Sergeant Maddox, and Detective Burdette.  All three  testified that they did not see the Pacifica activate its turn signal before pulling over to park, and that the failure to activate a turn signal was the sole

reason for the traffic stop. They further testified as to the events that occurred subsequent to the traffic stop.

In resolving the Motion, the Court applied Pennsylvania court decisions directly relevant to the facts of Mr. McBroom's case. Op. and Order, Aug. 31, 2021, ECF No. 55. The Court concluded that Pennsylvania law holds that a driver is not required to activate his turn signal before parking alongside a road. Id. at 8. As such, the defense Motion to Suppress was granted.

Thereafter, the government filed a motion seeking reconsideration based on, inter alia, the need to correct a clear error of law; namely, whether, on the date of the traffic stop, it was objectively reasonable for a police officer to believe that Mr. McBroom was required to activate his turn signal before pulling alongside the road to park. ECF No. 55. After a review of the relevant Pennsylvania case law, the Court concluded that it was objectively reasonable for the police officers to believe that a turn signal was required. Op. on Mot. Recons., Nov. 8, 2021, ECF No. 61. Therefore, the Court granted the Motion for Reconsideration , vacated its August 31, 2021 Opinion and Order, and denied the Motion to Suppress Physical Evidence and Defendant's Statements. Id.

In response to the Court's Opinion addressing the Motion for Reconsideration, Mr. McBroom's then-counsel filed a Motion for a Ruling on the *Franks* Violation. ECF No. 62. While that Motion was pending, the government filed a Superseding Indictment. ECF No. 71. Argument on the Motion was held on December 21, 2021. ECF No. 82. Shortly thereafter, Mr. McBroom's counsel was permitted to withdraw from representation due to irreconcilable differences. See Feb. 10. 2022 Status Conference Minute Entry and ECF No. 90. New counsel was appointed to represent Mr. McBroom on February 15, 2022. ECF No. ECF No. 89. The deadline for filing pretrial motions was extended to June 10, 2022, in part, to permit counsel for

the defendant reasonable time necessary for effective preparation.  ECF No. 95.

## II.  Discussion

The present Motion for Clarification of Orders of Court specifically requests clarification on both of the Court's prior Opinions.  Current defense counsel's Motion for a Ruling on *Franks* Motion, is a request that the Court rule on prior-defense counsel's Motion for *Franks* Ruling filed at ECF No. 62.  The Court address these issues in turn.

### A.     Clarification of Prior Opinions and Orders

With respect to clarification of the Court's prior Opinions and Orders, Mr. McBroom first seeks "clarification of the Court's rulings based on the fact that video and photographic evidence was presented at the suppression hearing held on July 28, 2021, which clearly showed the defendant using his turn signal when pulling into an on-street parking space on February 19, 2021."  ECF No. 97, at 3.  Mr. McBroom asks, "whether the Court considered this evidence when entering its" Orders.  Id.  He further "direct[s] the Court's attention to the video and photographic evidence which says it all – the defendant's turn signal was activated."  Id.

The answer to whether the Court considered the objective physical evidence of Mr. McBroom activating his turn signal is, "yes."  In the August 31, 2022 Opinion and Order on the Motion to Suppress, the Court stated, that the "video footage shows the Pacifica's approach towards the camera and the Pacifica's front right-hand turn signal flashing once on and then off, as Mr. McBroom drove his vehicle to park in the parking lane."  ECF No. 55, 4.  The Court also accepted testimonial evidence from Mr. McBroom's sister demonstrating that the turn signals on the Pacifica were working and that the rental company's statement of repairs indicated that there was no damage to the right rear tail lamp.  ECF No. 55, at 4-5.  Finally, the Court accepted that the physical evidence showing the Pacifica's turn signal being activated was accurate.  The Court

stated, "[t]he video, which demonstrates that the turn signal was briefly engaged before Mr. McBroom parked his vehicle, is [] credible under the circumstances." ECF No. 55, at 6.

Related to Mr. McBroom's question, regarding the Court's view of the evidence as to activation of the turn signal, Mr. McBroom seeks clarification as to whether the Court ultimately relied on the objective physical evidence showing the turn signal being activated or whether the Court relied on the testimony of the police officers. In this regard, the Defendant asserts that the Court never made a credibility determination.

In the August 31, 2021 Opinion, the Court stated: "The brevity of the signal usage, with only one visible blink cycle, gives rise to a legitimate question of whether such a brief activation, occurring nearly simultaneously with the movement of the car into the parking lane, was seen by the officers." ECF No. 55, at 5. The Court went on to make a credibility determination as to the police officers' testimony: "Law enforcement testified that they did not see a signal. Such testimony is credible under the circumstances." ECF No. 55, at 5-6. Moreover, the Court referred to its credibility determination in its November 8, 2021 Opinion, stating: "Having previously concluded that the officers credibly testified that they failed to see Mr. McBroom activate his turn signal, the officers possessed specific, articulable facts that Mr. McBroom was violating a traffic law . . . ." ECF No. 61, at 9.

To summarize, the Court found that the evidence demonstrated that the Pacifica's turn signal was briefly activated, with only one visible blink cycle; that the brevity of the activation, occurring simultaneously with the car moving into the parling lane, may not have been seen by

the police officers; and that the police officers credibility testified that they did not see a turn signal.

    **B.**    **Ruling on *Franks* Issue**

"The Fourth Amendment prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." United States v. Pavulak, 700 F.3d 651, 665 (3d Cir. 2012), citing United States v. Yusuf, 461 F.3d 374, 383–84 (3d Cir. 2006). "To obtain a Franks hearing, a defendant must establish (1) that a warrant application contained false statements made with reckless disregard for the truth and (2) that the remaining truthful statements, standing alone, do not establish probable cause." United States v. Desu, 23 F.4th 224, 234 (3d Cir. 2022) (citing Franks, 438 U.S. at 171–72). "The defendant must prove his allegations by a "substantial preliminary showing."" Desu, 23 F.4th at 234 (quoting Franks, 438 U.S. at 171–72). "To carry his burden, [the defendant] cannot 'rest on mere conclusory allegations or a "mere desire to cross-examine," but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses." Desu, 23 F.4th at 234 (quoting Yusuf, 461 F.3d at 383 n.8) (quoting Franks, 438 U.S. at 171). "If a defendant succeeds in obtaining a hearing, he must then prove the allegations by a 'preponderance of the evidence' at the hearing itself in order for a judge to suppress evidence obtained as a result of the warrant." Desu, 23 F.4th at 234 (quoting Franks, 438 U.S. at 156).

The United States Court of Appeals for the Third Circuit "categorize[s] false statements as 'omissions' or 'assertions.'" Desu, 23 F.4th at 234 (quoting Wilson v. Russo, 212 F.3d 781, 783 (3d Cir. 2000). "'[O]missions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would know that a judge would want to

5

know.'" Desu. 23 F.4th at 234 (quoting Wilson, 212 F.3d at 783). "'[A]ssertions are made with reckless disregard for the truth when an officer has obvious reasons to doubt the truth of what he or she is asserting.'" Desu, 23 F.4th at 234 (quoting Wilson, 212 F.3d at 783). If a defendant succeeds in establishing that that there were false assertions or reckless omissions of fact, the defendant must then demonstrate that such assertions or omissions were "material, or necessary, to the finding of probable cause." Sherwood v. Mulvihill, 113 F.3d 396, 399 (3rd Cir. 1997). Materiality is determined by "excis[ing] the offending inaccuracies and insert[ing] the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Wilson, 212 F.3d at 789 (citing Sherwood, 113 F.3d at 399).

Mr. McBroom argues that the Affidavit of Probable Cause contains a materially false statement, which renders the warrant invalid under Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Mr. McBroom contends that the statement in the Affidavit, authored by Officer Burdette, that the officers observed the subject vehicle "fail to use its proper turn signal while exiting the roadway," is a lie. Mr. McBroom contends the false statement was used to justify the traffic stop and further was used in the Affidavit to obtain the search warrant for the car. As stated previously, the preliminary showing has been met, as Mr. McBroom has submitted an affidavit saying he did activate his turn signal and therefore the inclusion of a statement to the contrary is a substantial preliminary showing that the officer knowingly included a false statement in the affidavit.

However, in this case the Court held an evidentiary hearing at which the Affiant, Detective Burdette, testified that he did not observe Mr. McBroom activate his turn signal. In addition, Detective Dettling and Sergeant Maddox also testified that they did not see Mr. McBroom activate his turn signal. Mr. McBroom maintains that the three officers' statements

are false in light of the video evidence introduced during the hearing, which demonstrated that the front right-hand turn signal of the vehicle flashed once on and then off, as Mr. McBroom drove his vehicle to park in the parking lane.

As recounted above, the Court found that the officers' testimony, that they did not see a turn signal, was credible. ECF No. 55, at 6. The Court made the following findings:

> The brevity of the signal usage, with only one visible blink cycle, gives rise to a legitimate question of whether such a brief activation, occurring nearly simultaneously with the movement of the car into the parking lane, was seen by the officers. Law enforcement testified that they did not see a signal. Such testimony is credible under the circumstances. The video, which demonstrates that the turn signal was briefly engaged before Mr. McBroom parked his vehicle, is also credible under the circumstances.

ECF No. 55, at 5-6. Having found Detective Burdette, Detective Dettling, and Sergeant Maddox credible, the statement in the Affidavit is not false, and therefore there is no Franks violation.

Even assuming that the affiant, Officer Burdette, knowingly falsely asserted that the turn signal was not activated, the Court cannot conclude that the missing statement was "material, or necessary, to the finding of probable cause" to search the vehicle. Sherwood, 113 F.3d at 399. Materiality is determined by "excis[ing] the offending inaccuracies and insert[ing] the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Wilson, 212 F.3d at 789, citing Sherwood, 113 F.3d at 399.

The Affidavit was submitted in support of obtaining a search warrant for Mr. McBroom's vehicle. Even without the statement at issue, the Affidavit still contains sufficient facts to support a finding that probable cause to search the vehicle existed. The following relevant statements appear in the Affidavit:

- "At approximately 10:27 hours we were traveling west in the 7200 block Kelly Street when we observed a blue Chrysler Pacifica van (FA registration IYVK67)

- fail to use its proper turn signal while exiting the roadway. Detective Dettling initiated a traffic stop for the vehicle code violation using emergency lights and siren."

- upon approach of the driver's side of the vehicle, Officer Burdette and Detective Dettling "smelled the overwhelming odor of burning marijuana";

- Sergeant Maddox "observed a partially burnt marijuana cigar in plain view, in the passenger side door handle pocket";

- Mr. McBroom was removed from the vehicle, handcuffed, and searched, which revealed four individually wrapped bags of ecstasy powder, one blue ecstasy pill, and a digital scale with white residue;

- Mr. McBroom stated to Officer Burdette that the bags of powder were ecstasy;

- Officer Burdette stated that the amount of ecstasy is "far greater than what is commonly possessed for personal use; and

- Officer Burdette stated that he knew that "drug dealers will keep and deliver their illicit substances within their vehicles with other items that are used to package, weigh, and distribute the controlled substances."

Application for Search Warrant, Feb. 19. 2021, ECF No. 32-1, at 2. Excising the statement at issue, that the driver of the Blue Pacifica failed to use its proper turn signal, (and changing he word "the" to "a"), transforms the relevant section of the Affidavit to read as follows:

> At approximately 10:27 hours we were traveling west in the 7200 block Kelly Street when we observed a blue Chrysler Pacifica van (FA registration IYVK67) ~~fail to use its proper turn signal while exiting the roadway~~. Detective Dettling initiated a traffic stop for ~~the~~ **a** vehicle code violation using emergency lights and siren.

ECF No. 32-1, at 2 (strikeouts and bold added). Id. In light of the denial of Mr. McBroom's Suppression Motion,[1] the factual basis that prompted law enforcement to effectuate the traffic stop; *i.e.*, law enforcement's observation that the Pacifica "fail[ed] to use its proper turn signal while exiting the roadway," has been resolved. The issue presented in the Motion for a *Franks*

---

[1] Op. and Order, Nov. 8, 2021, ECF No. 61, denying Mr. McBroom's Motion to Suppress Physical Evidence and Defendant's Statements filed at ECF No. 32.

ruling presently concerns the finding that probable cause existed to search the vehicle. Given the factual assertions to support the issuance of a warrant to search of the vehicle, there was sufficient probable cause, and therefore there was no *Franks* violation.

### III. Conclusion

The Court enters the following rulings:

1. Defendant's original Motion for a Ruling on the *Franks* Violation (ECF No. 62), and subsequent Motion for a Ruling on [the original] *Franks* Motion (ECF No. 97), are GRANTED. The Court rules that there was no *Franks* violation.

2. Defendant's Motion for Clarification of Orders of Court (ECF No. 97) is GRANTED. The Court has clarified its Opinions and Orders as stated above.

IT IS SO ORDERED.

Dated: April 26, 2022                          ___s/*Marilyn J. Horan*___
                                                               Marilyn J. Horan
                                                                United States District Court Judge