IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-97 |
| | ) |
| DRESHAWN McBROOM | ) |

**Opinion on Pretrial Motions**

Defendant Dreshawn McBroom is charged in a three-count Superseding Indictment with Possession with Intent to Distribute a variety of illegal substances, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Carrying a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Presently before the Court are the following defense pretrial motions: Motion Requesting Notice Pursuant to Rule 404(b) (ECF No. 130), Motion for Pretrial Discovery (ECF No. 131), Motion for Early Disclosure of All Jencks Act Material (ECF No. 132), and a Renewed Motion to Suppress and/or Exclude Evidence Obtained Due to an Unlawful Stop, Seizure and Searches (ECF No.128).[1] The government filed an Omnibus Reply to said Motions, which are now ripe for resolution. (ECF No. 138). Mr. McBroom also filed a Motion for Leave to Supplement Pretrial Motions (ECF No. 133), to which the government has not filed an opposition. Accordingly, that Motion will be granted.

---

[1] Mr. McBroom has also filed a Motion to Dismiss the Firearms Charges Against Him (ECF No. 129), arguing that the statutes he is charged with violating are unconstitutional in violation of the Second Amendment. Supplemental briefing on this issue has been ordered In light of the Third Circuit Court's recent en banc opinion in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023).

I. **Background**

On Friday morning, February 19, 2021, Dreshawn McBroom was operating a rented blue Chrysler Pacifica with a Florida license plate in the Homewood section of the City of Pittsburgh.[2] While traveling near the intersection of Kelly Street and Sterrett Street, Mr. McBroom moved his vehicle from the travel lane to park alongside the curb of the roadway in the 7200 block of Kelly Street. At the same time, City of Pittsburgh Bureau of Police personnel on patrol in Homewood in two unmarked police vehicles observed Mr. McBroom park the Pacifica. Detective Nathan Dettling, Sergeant Harrison Maddox, and Officer Rayna Zola were together in the "lead" car, while Detective Lucas Burdette and Officer Anthony followed in a separate vehicle. The Homewood area is recognized by law enforcement as a high crime area.

At approximately 10:27 am, while traveling westbound in the 7200 block of Kelly Street, Detective Dettling and Sergeant Maddox observed the Chrysler Pacifica fail to use its turn signal while exiting the roadway to park alongside the curb of Kelly Street, in violation of 75 Pa. Cons. Stat. § 3334. Detective Dettling activated the vehicle's emergency lights and siren to effectuate a traffic stop of the Pacifica. Approximately fifteen seconds after the stop was initiated, Detective Nesser and Officer Burdette arrived on the scene to assist. Mr. McBroom was removed from the vehicle, handcuffed, and searched. Mr. McBroom was found to have on his person four bags of pink ecstasy powder, one blue ecstasy pill, and a digital scale with white residue on it.

---

[2] Relevant evidence and testimony as to the factual background were introduced at the evidentiary hearing on Mr. McBroom's first Motion to Suppress Evidence, held on July 28, 2021.

The Pacifica was towed to the Pittsburgh Police's Zone 5 station and Detective Burdette applied for a warrant to search the vehicle. The warrant was granted by Magisterial District Judge Ricciardi and the search warrant was executed at approximately 1:00 pm, February 19, 2021. The search uncovered a Taurus Night Court Judge revolver loaded with four .45 caliber Long Colt ammunition and one .410-gauge PDX defender ammunition. Thereafter, Mr. McBroom was indicted on a single count of Possession of a Firearm by a Convicted Felon. On November 30, 2021, the government filed a Superseding Indictment against Mr. McBroom, adding the charges of Possession with Intent to Distribute Unlawful Substances and Carrying a Firearm in Relation to a Drug Trafficking Crime, in addition to the previously indicted charge of Possession of a Firearm by a Convicted Felon. ECF No. 71.

**II. Motion Requesting Notice Pursuant to Rule 404(b)**

In his Motion Requesting Notice Pursuant to Rule 404(b), Mr. McBroom requests that the Court Order the government to provide prompt notice of its intention to offer evidence pursuant to Federal Rule of Evidence 404(b) and, further, he requests that the government provide a detailed statement of the specific nature of any such evidence. As to timing, Mr. McBroom requests that the government provide notice of its intention "promptly" and to provide the requested Rule 404(b) statements as soon as is practicable.

Federal Rule of Evidence 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the

3

person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). In its Response, the government contends that Mr. McBroom's Motion, like his earlier Motion to Compel Disclosure of Rule 404(b) and Rule 609 Evidence, is premature, as ruled by the Court on July 28, 2021. ECF Nos. 50 & 51. Nearly two years have passed since that ruling and the Court intends to schedule a trial date, if necessary, when all current pretrial motions are resolved. In the government's 2021 Response to Mr. McBroom's earlier 404(b) Motion, the government indicated that it would comply with Rule 404(b)'s notice requirements and provide any 404(b) information it intends to introduce at trial no later than seven to ten days prior to trial. In light of this, the Court encourages the government to provide its Rule 404(b) evidence sufficiently in advance of trial to permit Mr. McBroom adequate time to evaluate such material and so that any hearing on such evidence

may be held in order to limit the possibility of delay. The Court will set forth the deadline for the disclosure of Rule 404(b) material, consistent with the government's seven to ten-day proposal, in a Pretrial Order when trial is scheduled. Disclosure seven to ten days before trial, in this case, appears to be sufficiently in advance of trial for the defense to make effective use of the material, and to request an evidentiary hearing prior to trial if necessary. *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016); *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016). Accordingly, Mr. McBroom's Motion Requesting Notice Pursuant to Rule 404(b) is GRANTED to the extent that the government must disclose such material no later than seven days prior to trial; and it is otherwise DENIED.

## II. Motion for Pretrial Discovery

In his Motion for Pretrial Discovery, Mr. McBroom requests that the government produce:

> (i) all video and audio recordings and all oral, electronic, and dispatch communications of law enforcement related to all activity connected with the traffic stop of Mr. McBroom and subsequent searches and seizures[3];
>
> (ii) written or recorded statements of Mr. McBroom[4];
>
> (iii) the ability to inspect and copy a variety of media, scientific tests and reports, information related to potential favorable witnesses, government witnesses, and informant witnesses; such as, statements, names, addresses, and/or contradictory statements[5];
>
> (iv) information of the potential bias or prejudice of law enforcement witnesses, impeachment material related to law enforcement[6], and disclosure of law enforcement's rough notes.[7]

---

[3] Motion for Pretrial Discovery, ECF No. 131 at ¶ 2.a.-e.
[4] Motion for Pretrial Discovery, ECF No. 131 at ¶ 2.f.
[5] Motion for Pretrial Discovery, ECF No. 131 at ¶ 2.g.-l.
[6] Motion for Pretrial Discovery, ECF No. 131 at ¶ 2.m.-r., t.
[7] Motion for Pretrial Discovery, ECF No. 131 at ¶ 2.s.

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule. Fed. R. Crim. P. 16(a)(1)(E). Similarly, when requested by defendant, the government must permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments. Fed. R. Crim. P. 16(a)(1)(F). Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).

In addition, the government remains under a continuing duty to disclose any additional evidence it discovers. Fed. R. Crim. P. 16(c). "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2). Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

The government asserts that it has met its Federal Rule of Criminal Procedure 16 obligations during pretrial discovery exchanges with Mr. McBroom's prior counsel. However, the government acknowledges that Mr. McBroom's change in counsel may have resulted in current counsel missing some discovery material. Therefore, the government intends to provide current counsel with all available discovery to ensure that he has all previously disclosed discovery materials. The government further states that it intends to adhere to its obligations to supplement its Rule 16 disclosures as new information is learned. Fed. R. Crim. P. 16(a)(2).

With respect to any specific requested additional discovery items identified in Mr. McBroom's Motion, such discovery requests may be rendered moot following a conference with the government. As to any remaining requested discovery materials that the defense believes have not been properly turned over, Mr. McBroom may seek to compel the government to provide such material if one of Rule 16's bases for production of the material is established. At this time, given the government's assurances about pretrial production of discovery materials and its intention to confer with counsel, the Motion will be DENIED as premature

With respect to requests for information exchanged between law enforcement, including dispatch communications, it appears that such disclosure is beyond the scope of Rule 16. The Court concludes that without more specific information from Mr. McBroom to

support his requests in paragraphs 2.d. and 2.e., at this time, such requests are overbroad. The Motion, in this regard, is DENIED without prejudice.

Mr. McBroom also requests a variety of material that is properly categorized as exculpatory and/or as favorable to Mr. McBroom under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). The government is required to disclose such material as it becomes known to the government. There is no indication that the government is not complying with its obligations under *Brady* and *Giglio*.

Mr. McBroom also requests "rough notes of law enforcement officers regarding their investigation of this case." ECF No. 131, at ¶ 2.s. The United States Court of Appeals for the Third Circuit requires the government to retain rough notes and writings. In *United States v. Vella*, 562 F.2d 275 (1977), the Court of Appeals held that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under the rule in *Brady v. Maryland*, 373 U.S. 83 [] (1963), or the Jencks Act." Id. at 276. In *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), the Court of Appeals expanded the category of what must be retained to include rough reports; holding that "the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *Id.* at 259. In *Ammar*, the Court acknowledged that a rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a

handwritten draft to a supervisor. *Id.* Mr. McBroom's request that the government produce, at this time, all such rough notes relating to law enforcement officer's investigation of this case is DENIED without prejudice. The Court, however, Orders the government to instruct law enforcement officers to retain such rough notes, to be produced, if necessary, at the appropriate time.

As for requested materials that are likely requests for Jencks materials (ECF No. 131, 2.k., l.), by statute, 18 U.S.C. § 3500(b), the government need not disclose such material until after the witness has testified at trial, and therefore the Motion is DENIED insofar as Jencks materials are requested. Mr. McBroom's separate Motion, specifically requesting early disclosure of Jencks Act material, is addressed in the next section.

If, after counsel for Mr. McBroom receives discovery material from the government, he believes there continues to exist a Rule 16 basis for additional production of evidence, Mr. McBroom may seek to compel the government to provide such material.

**III. Motion for Early Disclosure of All Jencks Act Material**

Mr. McBroom seeks early disclosure of Jencks Act material, specifically, he seeks Grand Jury transcripts, forty-five days prior to trial. Mot. Jencks Act Mat., ECF No. 132, at ¶¶ 9, 10. Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the

9

witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The statute provides that the government need not provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial.

In the Court's standard Pretrial Scheduling Order, the government will be encouraged to provide all Jencks Act materials prior to the final pretrial conference (which is typically held seven to fourteen days before trial), or in the alternative, to provide such materials in sufficient time to permit counsel to review the materials so as to eliminate the need for a delay in the trial. The government, aware of the potential delays by holding Jencks material until after a witness is called, states that it intends to provide Jencks Act material fourteen days before commencement of trial. Govt. Omnibus Resp. 2. Accordingly, the Motion for Early Disclosure of Jencks Material is DENIED.

With respect to the request for grand jury transcripts, "[a]s a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989). A defendant may be entitled to review grand jury testimony after a witness "testified on direct examination at trial if their grand jury testimony was related to the subject matter of their trial testimony." *United States v. Jackson*, 363 F. App'x 159, 161 (3d Cir. 2010) (citing 18 U.S.C. § 3500(e); *United States v. Wong,* 78 F.3d 73, 83 (2d Cir.1996); and *United States v. Budzanoski,* 462 F.2d 443, 454 (3d Cir.1972)). In addition, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) provides that "[t]he court may authorize disclosure - at a time, in a

manner, and subject to any other condition that it directs - of a grand jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. Proc. 6(e)(3)(E)(ii).  Finally, [t]o support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy." *McDowell,* 888 F.2d at 289 (citing *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 683 (1957)).

      Mr. McBroom requests the transcripts of the grand jury proceedings to determine whether law enforcement procured his indictment with false testimony.  Specifically, he questions whether law enforcement testified falsely about the officers' observation of whether Mr. McBroom activated his turn signal prior to conducting the traffic stop.  Mr. McBroom reasons that video evidence showing that he did activate his turn signal prior to being stopped is in direct contradiction to the officers' testimony that none of them saw a turn signal at the suppression hearing.  As to this narrow issue the Court cannot conclude that Mr. McBroom has made the necessary showing.  Regardless of the officers' grand jury testimony, the issue of the truthfulness of the officers' testimony as to their observation of a turn signal is a credibility matter entrusted to the jury.  The government states that it has already provided the grand jury testimony of  Pittsburgh Bureau of Police Sergeant Harrison Maddox, dated March 10, 2021.  Gov. Omnibus Resp. 2.  The government intends to produce any other grand jury transcripts, as Jencks material, fourteen days prior to trial.   The request for grand jury transcripts is DENIED.

**IV. Renewed Motion to Suppress and/or Exclude Evidence Obtained Due to an Unlawful Stop, Seizure and Searches**

On July 28, 2021, the Court held a hearing on Mr. McBroom's Motion to Suppress Physical Evidence and Defendant's Statements. ECF No. 50. Mr. McBroom submitted video evidence supported by testimony showing that he did use his turn signal just prior to being pulled over by the police. The government presented the testimony of three on-scene officers, all of whom testified that they did not see a turn signal on Mr. McBroom's car before he pulled over to park. On August 31, 2021, the Court issued an Opinion and Order granting Mr. McBroom's Suppression Motion on the basis that Pennsylvania law did not require a driver to use a turn signal when moving from a travel lane to a parking lane. ECF No. 55.

The government sought reconsideration of the suppression decision arguing that the Court committed a clear error of law by applying a Pennsylvania case that post-dated the traffic stop in this case. *See Commonwealth v. Tillery*, 2021 PA Super 53, 249 A.3d 278 (2021). Reconsideration was granted, and after a review of the existing case law addressing the relevant statute, the Court concluded that, "on February 19, 2021, when the officers conducted the traffic stop of Mr. McBroom, it was objectively reasonable for them to believe that Mr. McBroom was required to activate his turn signal before pulling alongside the road to park." Op. on Recon. 9 (ECF No. 61). The Court further concluded, in the alternative, that the good faith exception would apply to the acts of this case and suppression of the evidence would not be warranted.

With that background, the Court now addresses Mr. McBroom's Renewed Motion to Suppress and/or Exclude Evidence Obtained Due to an Unlawful Stop, Seizure and Searches. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in

controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Mr. McBroom asserts that the Court made a clear "prejudicial error of law" and further, he states that within this Renewed Motion he would like to "address the race-based nature of his traffic stop." Renewed Mot. at ¶¶ 14, 15.

The issues presented by Mr. McBroom on reconsideration are whether the Court erred in its Opinion on Reconsideration in the following three ways:

> 1) The Court erred in concluding that the Pennsylvania Superior Court case of *Tillery*[8] created new law that could not be applied retroactively in this case;
>
> 2) The Court erred in relying upon the non-precedential decisions of *Puit*[9] and *Kuprij*[10]; and
>
> 3) The Court erred in failing to conduct a "a hearing to explore what instruction the law enforcement officers had received regarding Pennsylvania traffic laws, their experience with enforcement of those laws, whether their enforcement practices are more aggressive in predominantly Black neighborhoods and their knowledge of Mr. McBroom's use of a turn signal when he turned onto Kelly Street and immediately pulled to the curb to park his vehicle."

Renewed Mot. at ¶¶ 18, 20, 23, & 26.

The alleged race-based nature of the stop is not a proper subject of the instant Renewed Motion. The Renewed Motion is aimed at the Court's decision denying a Motion to Suppress that alleged the officers unlawfully stopped Mr. McBroom's vehicle because he had not committed a traffic violation. The alleged race-based nature of the stop was not fairly

---

[8] *Commonwealth v. Tillery*, 2021 PA Super 53, 249 A.3d 278 (2021).
[9] *Commonwealth v. Puit*, No. 1060 MDA 2019, 2020 WL 211536 (Pa. Super. Ct. Jan. 14, 2020).
[10] *Commonwealth v. Kuprij*, 2016 WL 5348812 (Pa. Commw. Ct. July 16, 2016).

briefed ahead of the evidentiary hearing, nor was the subject of a race-based traffic stop argued at the hearing. Defense counsel also did not cross-examine law enforcement witnesses as to the alleged race-based motive for the stop during the evidentiary hearing. Thus, such argument does not support reconsideration.

The Court finds that Mr. McBroom has not identified an error of law to warrant reconsideration. The defense argument that the Court wrongly applied Pennsylvania law constitutes a disagreement with the Court's opinion and the ultimate outcome. "A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made." *Massey v. Wetzel*, No. CV 20-722, 2020 WL 7769831, at *1 (W.D. Pa. Dec. 30, 2020) (citing *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998)). The defense has not demonstrated a clear error of law with respect to the Court's analysis of Pennsylvania law. On a motion for reconsideration, a party is not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D. Pa. 1992).

The defense also relies on its conclusory statement that "law enforcement was not truthful in claiming that an offense had been committed." Renewed Mot. ¶ 6. Again, this assertion is an attempt to relitigate a matter that the Court has already ruled upon. In the Court's Opinion on Reconsideration of Suppression, the Court positively cited its prior credibility ruling within the first suppression Opinion:

> . . . the suppression issue in this case also required credibility assessments in relation to Mr. McBroom's use of his turn signal. The August 31, 2021 Opinion included the following relevant factual findings:
>
> > The brevity of the signal usage, with only one visible blink cycle, gives rise to a legitimate question of whether such a brief activation,

>> occurring nearly simultaneously with the movement of the car into the parking lane, was seen by the officers. Law enforcement testified that they did not see a signal. Such testimony is credible under the circumstances. The video, which demonstrates that the turn signal was briefly engaged before Mr. McBroom parked his vehicle, is also credible under the circumstances.
>
> ECF No. 55, at 5-6. Having previously concluded that the officers credibly testified that they failed to see Mr. McBroom activate his turn signal, the officers possessed specific, articulable facts that Mr. McBroom was violating a traffic law . . .

ECF No. 61 at 9 (quoting ECF No. 55, at 5-6). In its conclusion, the Court again stated: "the officers credibly testified that they did not observe a turn signal." ECF No. 61 at 11. Therefore, there is no error of fact warranting reconsideration of the Opinion on Reconsideration of Suppression.

Finally, the defense states that the Renewed Motion may also be considered a preliminary motion in limine seeking exclusion of evidence. As trial has not been set yet, and, as a motion in limine, further briefing may be needed, the Court declines to rule on the Renewed Motion as a Motion in Limine.

For the above reasons, Mr. McBroom's Renewed Motion to Suppress and/or Exclude Evidence Obtained Due to an Unlawful Stop, Seizure and Searches is DENIED.

**V.      Motion for Leave to File Supplemental Pretrial Motions**

Mr. McBroom seeks permission to assert additional Pretrial Motions, if necessary, after reviewing the government's discovery production as a result of the current pretrial motions. Mot. Leave Supp. Pretrial Motions, ECF No. 133. Given that both the government and defense have not yet confirmed that all materials previously produced to prior counsel have been provided to current counsel, the Motion will be GRANTED.

15

## V. Conclusion

As explained above, Mr. McBroom's pretrial motions are resolved as follows:

1. The Motion Requesting Notice Pursuant to Rule 404(b) (ECF No. 130) is GRANTED to the extent that the government must disclose such material no later than seven days prior to trial. The Motion is otherwise DENIED.

2. The Motion for Pretrial Discovery (ECF No. 131) is DENIED as premature with respect to materials the parties must confer about. The Motion is DENIED, without prejudice, with respect to requests for information exchanged between law enforcement. The Motion is DENIED, without prejudice, as to the production of law enforcement's rough notes. The Motion is DENIED, insofar as Jencks materials are requested.

3. The Motion for Early Disclosure of All Jencks Act Material (ECF No. 132) is DENIED. The Motion is DENIED as to the request for production of Grand Jury transcripts.

4. The Renewed Motion to Suppress and/or Exclude Evidence Obtained Due to an Unlawful Stop, Seizure and Searches (ECF No.128) is DENIED.

5. The Motion for Leave to File Supplemental Pretrial Motions is GRANTED. Mr. McBroom shall be permitted to supplement his pretrial motions within twenty-one days following the completion of the Government's compliance with all court Orders regarding the disclosure of information and the production of all relevant discovery materials.

IT IS SO ORDERED.

Dated: <u>July 12, 2023</u>

Marilyn J. Horan
United States District Court Judge