IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-97 |
| | ) |
| DRESHAWN MCBROOM | ) |

**Opinion and Order on Motion for Reconsideration**

Presently before the Court is Defendant's Motion to Reconsider the Court Ruling with Respect to the Government's Racial Bias Motion in Limine. ECF No. 224. A motion for reconsideration is "permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Defendant seeks reconsideration to clarify the parameters of the Court's ruling. Although Defendant refers to possible new evidence, he does so only to raise the possibility of using such evidence in the context of the Court's ruling on the government's motion in limine. The new evidence is not presented to show that reconsideration is required; it is presented as an example in support of Defendant's argument that the Court's ruling requires further specification. The Court concludes that the new evidence itself does not present grounds for reconsideration.

The government's Motion was resolved during the June 27, 2024 Final Pretrial Conference. ECF No. 219. At the conference, the Court orally ruled on the Motion and then issued a Text Order as to the Court's ruling on all outstanding pretrial Motions resolved at the conference. Relevant to the government's Motion as to racial bias, the Text Order states:

> TEXT ORDER, as stated during the Final Pretrial Conference, the Court . . . grants [the] government's Motion in Limine to Preclude Questioning Witnesses re Racial Bias, without prejudice to defense to raise such issues at trial if appropriate.

ECF No. 220, June 27, 2024.  The Text Order incorporates the Court's ruling, "as stated during the Final Pretrial Conference." *Id.*  The transcript of the final pretrial conference provides the following relevant, and clarifying, information as to the Court's ruling:

> THE COURT: Revisiting the [government's motion in limine on the] racial issue [at] [Document No.] 209, my ruling is that the government motion is granted without prejudice. And if something comes up or develops in the trial *which interjects race* into the [trial], then we will address that.
> …
> we don't have a record established that the officers knew whether the driver of that car was black or white prior to the actual approaching of him in the car. If that should become an issue that evolves in the testimony, then ask for a sidebar and revisit the motion.

Tr. (Rough Copy) June 27, 2024 (emphasis added).  Defense counsel then sought, and received, clarification on the ruling, as follows:

> MR. PUSHINSKY: Yeah, I'm not sure how broad the bar is, whether it would cover asking the officers: When did you learn of the race of the driver?
>
> THE COURT: That's fine.
>
> MR. PUSHINSKY: Okay. I just don't know how broad that –
>
> THE COURT: I think that's a general factual question. Beyond that, we're not getting into bias, we're not getting into any of the other stuff in relation to this st[uff], because there's nothing to link Mr. McBroom to all the other circumstances. Okay?
>
> MR. PUSHINSKY: Okay. Well, I guess we'll see how it plays out at trial and as you said, we can approach for a sidebar.

*Id.*

In Defendant's Motion, he takes the position that the Court's ruling on "the Government's motion in limine offers no guidance as to what is and is not a permitted subject of inquiry." ECF No. 224, at ¶ 9. The Court believes the ruling is clear. The Text Order grants the government's Motion, in which the government requested a ruling that the defense be precluded from questioning witnesses with regard to or referencing racial bias. The Court granted that Motion and explained that the trial was not getting into bias.

The Motion, however, was granted, "without prejudice to defense to raise such issues at trial if appropriate." ECF No. 220. The "issues" are the issues regarding race that are the subject of the government's motion. "If appropriate," means that the issues may be raised assuming that a cross-examination line of questioning, a piece of evidence, or a proffer supports permitting the defense to raise the issue of race. Thus, in general, questions and issues of race and racial bias are not permitted, unless the circumstances occurring at trial appear to warrant a review. As the Court specifically stated, and defense counsel reiterated, if such an issue involving race arises during trial, the parties are to ask for a sidebar.

In consideration of the Court's Text Order (ECF No. 220) and ruling made during the Final Pretrial Conference (ECF No. 219), the Court concludes that reconsideration and/or clarification of the ruling is not necessary.

Accordingly, this 11th day of June 2024, Defendant's Motion to Reconsider the Court Ruling with Respect to the Government's Racial Bias Motion in Limine. (ECF No. 224) is DENIED.

_____
Marilyn J. Horan
United States District Judge